## Lee Webb v. The State.

### No. 3012.    Decided November 23, 1904.

**1.—Forgery—Indictment—Variance on Face—Proof Excluded.**

Where the indictment in the purporting clause alleged the forgery of a check to be the act of "Oz. Smith," while the tenor clause showed the check to be signed by "O. Smith," and there were no innuendo or explanatory averments undertaking to explain these allegations, objection to the introduction in evidence of the check on the ground of variance of the instrument described in the indictment and the one offered in evidence should have been sustained.

**2.—Bill of Exceptions—Not Verified—Will Not be Considered.**

A bill of exceptions that a witness has not qualified himself to give expert testimony, which is not properly verified can not be considered.

**3.—Evidence—Payment of Check—Authority Not Shown.**

Where a witness was permitted to testify that the alleged forged check, as well as another, were partly paid off by appellant's brother-in-law, after the indictment was found, and it was not shown that appellant was in any way connected with such payment, or authorized it, objection thereto should have been sustained.

**4.—Same—Husband and Wife, Communications Between Not Admissible.**

Where upon cross-examination of defendant's wife, new matter with reference to

communications between them was brought out by the State, objection thereto should have been sustained.

**5.—Witness—Felonies—Misdemeanors—Credibility—Charge of Court.**

Where witnesses were sought to be impeached, on the ground of having been indicted for felonies, it was error to also admit testimony against their credibility that they were indicted for card playing. Such testimony with reference to the felonies should have been limited by proper instructions to its legitimate office of impeachment.

**6.—Charge of the Court—Defense Made Should Have Been Submitted.**

Where in a trial for forgery of a certain check, there was evidence that the same was not a forgery, but was given defendant by the alleged signer, in payment of a gambling debt, the court should have submitted this issue and charged the jury to acquit, if it was true, etc.

Appeal from the District Court of Scurry. Tried below before Hon. H. R. Jones.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*F. G. Thurmond,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.—On sufficiency of indictment and question of variance: Anderson v. State, 19 Texas Crim. App., 299; Robinson v. State, 34 Texas Crim. Rep., 131; Ham v. State, 4 Texas Crim. App., 645; Murphy v. State, 6 Id., 554.

DAVIDSON, PRESIDING JUDGE.—The indictment charged appellant with forgery of a check for $8.30, and with attempting to pass the same instrument. It is contended that there is a variance on the face of the indictment in its allegation, to wit: that the purport clause alleges it to be the act of "Oz Smith," while the tenor clause shows the check signed "O. Smith." There was no innuendo or explanatory averments undertaking to explain these allegations. We believe the contention is correct, that the indictment is contradictory within itself, and the purport and tenor clauses are at variance with each other. This objection was raised when the check was offered in evidence, on the ground that there was a variance between the instrument offered in evidence and the one set out in the indictment in its purport clause. This objection should have been sustained.

The witness John Ellis was permitted to testify that the check for $28 offered and introduced in evidence was apparently signed and made payable to the same person, dated the same way, etc. Objection was urged to this, on the ground that Ellis had not qualified as an expert in handwriting. This is simply stated as a ground of objection, and it is not verified in any manner as a fact that Ellis had not qualified himself as an expert. The bill, therefore, will not be discussed.

Witness Dodson was permitted to testify that the alleged forged check, as well as the $28 check were partly paid off by appellant's broth-

in-law, Jim Doak, after the indictment was found. We think the objections urged to the introduction of this evidence are well taken. Before this character of testimony could have been introduced, it should have been shown that appellant was in some way connected with the payment by his brother-in-law, or authorized it. This act of Doak would not bind appellant, nor be evidence against him, unless he had authorized such payment by Doak.

Another bill of exceptions was reserved to the introduction of testimony of appellant's wife of matters not brought out on her direct examination by her husband. Appellant elicited from her that some time prior to the time alleged in the indictment, that he was going to Arizona or California, for the reason that he was not doing well where they were then living. After cross-examining her in regard to these matters, the State was permitted to elicit from her the fact, that she had received letters from her husband fom Arizona, and that such letters were not signed by him with his name; that this was beyond the sphere of legitimate cross-examination of matters brought out on her direct examination, was entirely new matter, and was intended to operate as incriminative of her husband. The evidence further shows, that he had signed these letters, "sweetheart," and that after reading them she had burned them. This testimony ought not to have been permitted to go to the jury.

One or two witnesses of appellant were sought to be impeached, by showing they had been indicted for felonies, and one of them for playing cards. It was objected that the testimony in regard to the card playing was not admissible for the purpose of impeachment. We are of opinion that the testimony in regard to card playing should have been excluded. It is further alleged that the court should have limited the effect of the testimony in regard to the felony indictment before the jury, to its legitimate office of impeachment. Under the authorities, this point is well taken.

Appellant introduced evidence of two or three witnesses, to the effect that the alleged forged check was not a forgery, but was given him by the alleged signer, Smith, in payment of a gambling debt. If this is true, appellant was not guilty of any offense. This was an issue made by the testimony; and exception was reserved because the court failed to submit it to the jury. If appellant obtained the check from Smith, as testified by his witnesses, he was entitled to an acquittal, and the jury should have been told so in an affirmative charge. This was his defense; sustained by the evidence, and ignored by the court. It was properly raised. On this account the judgment must also be reversed.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*